APPEAL OF GEORGE WIEDEMANN BREWING CO. AND WALTER B. WEAVER, AS A STOCKHOLDER, ETC.[1]

Docket No. 7955. Promulgated December 22, 1927.

*James B. O'Donnell, Esq.,* for the petitioners.
*Maxwell E. McDowell, Esq.,* for the Commissioner.

---

[1] This proceeding is filed as Appeal of The George Wiedemann Brewing Co. and Walter B. Weaver, as a stockholder of said company since dissolved, for himself and other stockholders of record of said company at the date of its dissolution.

## OPINION.

MILLIKEN: Shortly after the appeal was filed, respondent filed motion to dismiss for the reason that the petitioner corporation was dissolved. This motion was denied on July 31, 1926. At the hearing subsequently, on the merits, petitioner made oral reference to the statutory limitation on the assessment of additional taxes for the year involved, but did not pursue the subject in their brief filed three months later.

This appeal involves a determination of the deductions from income allowable in the fiscal year 1919, to a corporation engaged in the manufacture and sale of lager beer, for obsolescence of assets occasioned by prohibition legislation. We have had occasion to fully consider the development of prohibition legislation and the principles generally applicable to the issues here involved; see *Appeal of Manhattan Brewing Co.*, 6 B. T. A. 952. The instant case is broadly similar to the *Manhattan Brewing Co.* case, but differs in the important particular in that the instant taxable year is a fiscal year ended September 30, 1919, encompassing within its 12-month period an

extraordinary number of the changes so disastrous to the breweries, such as the war-time prohibition proclamation of November 1918, the ratification of the Amendment in January, 1919, the cessation of the sale of beer July 1, 1919, and the certainty at its end (September 30, 1919), that national prohibition was but a few months off.

In the first issue, the petitioners claimed the right to a deduction from income for obsolescence of intangibles, but, making brief reference to *Red Wing Malting Co.* v. *Willcuts*, 15 Fed. (2d) 626, they abandoned the issue at the hearing and adduced no evidence relative to the losses claimed. Respondent is sustained.

In the second issue, concerning the obsolescence of tangible assets rendered useless by prohibition, it is not denied by the respondent that a loss was sustained, but the parties are in disagreement as to the amount of the deduction from income properly allowable on this account in the fiscal year 1919. The respondent accepted the depreciated cost, according to the books, of the assets under consideration, and deducted therefrom the amount of the salvage value estimated by the petitioners, considering the remainder the amount of the loss. The petitioners now conclude that their estimate of the salvage value grossly overstated the true amount and consequently the amount of the loss in value should be increased. The evidence before us in this relation was adduced by the petitioner and indicates little or no remaining value of the assets. The respondent relies on the argument that the estimate of salvage value was made by petitioner in 1923, a time sufficiently late to enable accuracy and to preclude further revision. We do not find respondent's argument persuasive as applied to a mere estimate of the salvage value probably adhering to the assets. We are of opinion, from the evidence before us, that the previous estimate of the petitioners was unduly optimistic and their loss as now claimed, amounting to $184,977.51 is more nearly correct in the aggregate. The parties differ also as to the proper method of allowing the deduction of the obsolescences. The petitioners claim the deduction as a loss through abandonment, which is deductible in its entirety in the fiscal year 1919, being the year in which the abandonment took place. The respondent argues that the amortization period is well established to extend from January, 1918, to January, 1920, and he proposes to prorate on a time basis the deduction of the amount of the obsolescence as follows: Two hundred and forty-two seven-hundred-and-fifteenths to 1918, three hundred and sixty-five seven-hundred-and-fifteenths to 1919, and one hundred and eight seven-hundred-and-fifteenths to 1920. We are unable to entirely agree with the contentions of either party. We are satisfied that obsolescence actually set in, in January, 1918, and that at the beginning of the fiscal year 1919, the assets under consideration had actually suffered an amount of special obsolescence. Attention has

been directed above to the succession of events occurring during the fiscal year of the petitioner, and to the certainty with which it was possible, at the end of that year, to conclude that the manufacture and sale of lager beer by it would not be resumed. It follows that the inclusion of the period subsequent to the fiscal year 1919 is erroneous and that the remainder of the obsolescence is deductible in 1919. Accordingly, a deduction in 1919, for obsolescence of tangible assets rendered useless by prohibition legislation, amounting to $122,369.74, is found reasonable. Respondent reversed. Cf. *Manhattan Brewing Co.*, *supra; Levine Brothers Co.*, 5 B. T. A. 689; *Multibestos Co.*, 6 B. T. A. 1060.

The third issue concerns losses in value of tangible assets, the amounts of which the petitioners have computed by various methods more ingenious than convincing, and which they claim the right to deduct in 1919, although representing decreases in value of assets which were used in subsequent years. We have had occasion, heretofore, to consider similar contentions and have reached the conclusion that the deduction representing the decreasing value in use of assets continued in the same or related business is not allowable. Cf. *Yough Brewing Co.*, 4 B. T. A. 612; *Rienzi Co.*, 4 B. T. A. 1011; *Star Brewing Co.*, 7 B. T. A. 377. Respondent sustained.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*