*1048 OPINION.
Teammell :
The errors assigned in the original petition were that the respondent failed to allow the petitioner as deductions in computing its net income, (1) “ a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business of the taxpayer, including a reasonable allowance for obsolescence;” (2) “ losses sustained during the taxable year and not compensated for by insurance or otherwise incurred in the trade or business of the taxpayer.”
With respect to the first assignment of error, it does not appear from the record that there is any controversy concerning deductions for the exhaustion, wear and tear of the property, but only as to the allowance of deductions for obsolescence.
In its brief the petitioner states that the contention for an allowance of a deduction on account of the obsolescence of intangible assets, including good will, is not pressed in view of the Board’s decisions following the case of Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626. In view of the petitioner’s statement and of our holding in Manhattan Brewing Co., 6 B. T. A. 952, we must hold that the petitioner is not entitled to a deduction for either year on account of obsolescence of intangible property including good will. With respect to the assignment of error relating to obsolescence there remains to be considered the question of whether the petitioner is entitled to the deductions taken by it for obsolescence of tangible property as set out in our findings of fact.
Prior to September 5, 1917, the petitioner’s business was the manufacture, production, sale and distribution of beer containing more than one-half of one per cent of alcohol by volume. In November, 1917, the petitioner began to make and sell dealcoholized or “ near beer,” About the first of July, 1918, it began making and selling soft drinks. Since obsolescence is not claimed on assets used in the *1049 manufacture of soft drinks, no further consideration will be given to these. The petitioner continued to manufacture and sell these three products until October 28, 1919, when on account of wartime and permanent prohibition legislation and the ratification of the Eighteenth Amendment it ceased to manufacture beer. The petitioner continued until about the time of its dissolution in December, 1921, to manufacture and sell dealcoholized or “ near beer,” using the same machinery and the same process that were used in the manufacture of beer, with the exception of dealcoholization before bottling. Immediately after dissolution the petitioner’s plant was rented to a former officer and continued in use for making “ near beer.” The assets used in the manufacture and sale of beer were continued in use in the manufacture of “ near beer,” except that the lower floor of Building No. 4 was no longer used. In manufacturing “ near beer” the easterly part of Building No. 3, with the equipment therein, was used less frequently than in manufacturing beer.
We have heretofore considered the question of the allowance of deductions for obsolescence of tangible assets due to prohibition legislation where the assets were continued in use after prohibition became effective and have denied such deductions. Yough Brewing Co., 4 B. T. A. 612; Star Brewing Co., 7 B. T. A. 377. We think our decisions in those cases are applicable and controlling here.
With respect to Building No. 4, the petitioner contends that since in 1919 it abandoned the lower floor therein, it is entitled to a deduction for obsolescence of at least $17,125.01, representing one-third of the depreciated cost of the building on March 1, 1913, of $51,375.04. If we were disposed to hold that obsolescence were allowable on account of abandonment of a part of a building, we do not have sufficient evidence to determine whether the amount contended for by the petitioner is correct or what the allowance should be. The contention, therefore, must be denied.
The petitioner also contends that on account of the reduced use of the machinery in Building No. 3 as well as the reduced use of the building itself from an average of four times a week to once every two weeks after it had ceased making beer, it is entitled to a deduction of obsolescence of $59,398.22. The petitioner determines this amount by taking 84 per cent of $70,712.16, which was the total of the depreciated cost of $46,004.39 of the building and $24,707.79 of the machinery at December 31, 1917. This contention must be denied, in view of our holding that a deduction may not be taken for obsolescence where the assets were continued in use in the business.
The second error assigned in the original petition is that the . respondent failed to allow deductions for losses sustained during the *1050 taxable year and not compensated for by insurance or otherwise incurred in the trade or business of the petitioner. With the exception of a loss to be considered presently, we are unable to tell from the record what losses if any this assignment of error relates to unless the petitioner intended to raise the issue that if the deductions taken for obsolescence on tangible property are not allowable as obsolescence, then the petitioner is entitled to deduct as losses the amounts representing the decline in value of property resulting from prohibition legislation. While the evidence shows that the value of the petitioner’s assets during the years involved in this proceeding experienced a great decline on account of prohibition legislation, yet they were continued in use during succeeding years. In George Wiedemann Brewing Co., 9 B. T. A. 792, we had occasion to consider the question of the allowance as losses of deductions representing decreases in value of assets which were used in subsequent years, and there held that such deductions are not allowable. We think our decision in that case is applicable here.
At the hearing the petitioner amended its petition to allege that the respondent in determining a loss from the sale of certain property in 1918 had understated the amount of the loss by $5,000 as a result of having determined that the petitioner had previously taken depreciation of $5,000 more than it actually had. Inasmuch as the respondent admitted the correctness of the petitioner’s allegation, the petitioner is entitled to have its net income reduced by the amount of $5,000.

Judgment will be entered under Bute 50.